IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

DIANA STANLEY, individually and on behalf
all others similarly situated,

PLAINTIFF

V.

CIVIL ACTION NO. 5:17-cv- 04262

CLEARSPRING LOAN SERVICES, INC.,
presently known as SORTIS FINANCIAL, INC., and
DIVERSE FUNDING ASSOCIATES, LLC,        DEFENDANTS

## CLASS ACTION COMPLAINT

1. The Plaintiff, Diana Stanley, is a resident of Raleigh County, West Virginia.

2. The Defendant, ClearSpring Loan Services, Inc., (herein, "ClearSpring") is a corporation created under the laws of Delaware with its principal office at 18451 N. Dallas Pkwy., Suite 100, Dallas, TX 75287.

3. After the events giving rise to this Complaint, ClearSpring changed its name to Sortis Financial, Inc., and for the sake of clarity will be referred to herein as "ClearSpring".

4. The Defendant, Diverse Funding Associates LLC, (herein, "Diverse") is a Delaware limited liability corporation with its principal office at 352 Sonwil Drive, Cheektowaga, NY 14225.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this class action under 28 U.S.C. §1331, 15 U.S.C. §1692, *et seq.*, and 28 U.S.C. §2201. The court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. 1367(a).

6. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(b)(2).

## THE PARTIES

7. The Plaintiff, Diana Stanley, is a resident of Raleigh County, West Virginia, who brings this action in her own right and as a representative of a class of West Virginia consumers more particularly defined herein.

8. Plaintiff is a "consumer" as defined by the *West Virginia Consumer Credit and Protection Act* (WVCCPA), *West Virginia Code* §46A-2-122(a) who incurred an obligation for a debt for personal, family or household expenses.

9. Plaintiff is a "consumer" as defined by the *Fair Debt Collection Practices Act* (FDCPA), 15 U.S.C. §1692a(3).

10. ClearSpring is a "debt collector" engaged in "debt collection" of a "claim" from a "consumer" all as defined by WVCCPA, *West Virginia Code* §46A-2-122.

11. ClearSpring is a "debt collector," as defined under the FDCPA by 15 U.S.C. §1692a(6).

12. Diverse is a "debt collector" engaged in "debt collection" of a "claim" from a "consumer" all as defined by WVCCPA, *West Virginia Code* §46A-2-122.

13. Diverse is a "debt collector," as defined under the FDCPA by 15 U.S.C. §1692a(6).

## OPERATIVE FACTS

14. ClearSpring mailed a collection letter to Plaintiff dated August 3, 2017, on behalf of Diverse, to collect a debt when the debt was beyond the statute of limitations for filing a legal action for collection in West Virginia.

15. The August 3, 2017 letter mailed by ClearSpring to Plaintiff was the initial written communication by ClearSpring with Plaintiff.

16. The subject collection letter sent by ClearSpring on behalf of Diverse to Plaintiff at the 2nd unnumbered page thereof contained the bold caption: "**LEGAL DISCLOSURES.**" Thereunder, the letter contained specific disclosures for Colorado residents, Massachusetts residents and "**FOR WEST VIRGINIA RESIDENTS**: The law limits how long you can be sued on a debt. Because of the age of your debt, Diverse Funding Associates, LLC / DNS cannot sue you for it."

17. The correct and complete disclosure required by West Virginia law (*West Virginia Code* §46A-2-128(f)) in an initial written communication was either: "The law limits how long you can be sued on a debt. Because of the age of your debt, Diverse Funding Associates, LLC / DNS cannot sue you for it. If you do not pay the debt, Diverse Funding Associates, LLC / DNS may report or continue to report it to the credit reporting agencies as paid…" Or, "The law limits how long you can be sued on a debt. Because of the age of your debt, Diverse Funding Associates, LLC / DNS cannot sue you for it and Diverse Funding Associates, LLC/DNS cannot report it to any credit reporting agencies."

18. ClearSpring omitted the portion of the applicable mandatory disclosure underlined in the previous paragraph and thus misrepresented the law applicable to the collection of time-barred debt.

19. The purported "LEGAL DISCLOSURES" "FOR WEST VIRGINIA RESIDENTS" were incomplete and as such deceptive and false as the disclosure was required to notify the Plaintiff and the class of persons she represents whether the alleged debt was reportable to any credit reporting agency.

20. Upon information and belief, ClearSpring sent the same or similar letters to West Virginia consumers on or after June 6, 2014, seeking to collect debt when the debt was beyond the statute of limitations for filing a legal action for collection.

## CLASS ALLEGATIONS

21. Plaintiff brings this action individually and on behalf of all others similarly situated.

22. The class of consumers represented by Plaintiff in this action is defined as:

> All persons with a West Virginia address who were sent collection letters on or after June 6, 2014, by ClearSpring where the alleged debt sought to be collected was beyond the applicable statute of limitations for filing a legal action for collection when the initial letter sent on or after June 6, 2014 did not contain the disclosures required by the WVCCPA, *West Virginia Code* §46A-2-128(f).

23. Defendants have corporate policies and procedures regarding the collection of debts allegedly owed by West Virginia consumers such as Plaintiff. Defendants carry out their policies and procedures through the use of standardized collection activities, including the use of standardized letters.

24. The class can be readily identified by collection activity logs, claim records and computer storage devices or databases, maintained by Defendants and/or their employees, representatives or agents.

25. The class is so numerous that joinder of all class members is impracticable. The precise number of class members and their addresses are unknown to Plaintiff; however, they are readily available from Defendants' records. Class members may be notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

26. This action involves questions of law and fact common to the class which predominate over questions affecting individual class members.

27. Plaintiff's claims are typical of the claims of the class because, among other things, Plaintiff, like the other members of the class, was subjected to a claim by Defendants to pay an alleged debt when the alleged debt was beyond the statute of limitations and received the same or nearly identical letters as all other class members.

28. Plaintiff has displayed an interest in vindicating the rights of the class members, will fairly and adequately protect and represent the interest of the class, and is represented by skillful and knowledgeable counsel. Plaintiff's interests do not conflict with those of the class and the relief sought by Plaintiff will inure to the benefit of the class generally.

29. The questions of law and fact that are common to the class members predominate over questions affecting only individual members, and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy between the class members and Defendants.

30. The actions of ClearSpring are generally applicable to the class as a whole and to Plaintiff. For example, the class members can prove the elements of their claims against Defendants for violations of the WVCCPA on a class-wide basis using the same evidence that Plaintiff and individual class members would use to prove those claims in individual civil actions.

31. Additionally, the damages or other financial detriment suffered by individual class members is relatively small compared to the burden and expense that would be required to individually litigate each of the class member's claims against Defendants and it would be impracticable for the class members to individually seek redress for the Defendants' wrongful conduct.

32. Even if the members of the class could afford individual litigation, given the expected size of the class, separate litigation of each class member's claims against Defendants would create the potential for inconsistent and/or contradictory judgments, and cause delay and increase the expenses for the parties and the court in adjudicating the claims against Defendants. Conversely, a class action will prevent far fewer management difficulties, provide the benefits of a single adjudication, conserve time, effort and expense, employ comprehensive and cohesive supervision by a single court, and provide a forum for small claimants.

33. The prosecution of separate actions by the individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual

class members which would establish incompatible standards of conduct for Defendants. Moreover, the likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

34. Defendants have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the members of the class as a whole.

35. Any difficulties in management of this case as a class action are outweighed by the benefits that a class action has to offer with respect to disposing of common issues of law and fact on issues affecting a large number of litigants.

36. The damages in this case are set by statute and generally preclude the necessity of a case-by-case assessment of damages by the court. To the extent case-by-case assessment is necessary, Defendants maintain computerized individual account information, and that information can easily be reviewed and assessed electronically. Plaintiff is unaware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership as described above.

37. Plaintiff's claims are typical of those of the class as a whole, and Plaintiff is capable of and willing to represent the other members of the class.

## COUNT I

### VIOLATIONS OF THE *FAIR DEBT COLLECTION PRACTICES ACT* (FDCPA)

38. Chapter 15 U.S.C. §1692e prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt.

39. ClearSpring violated Chapter 15 U.S.C. §1692e, which prohibits using a false, deceptive or misleading representation or means in connection with the collection of the debt, by omitting a portion of the mandatory time-barred debt disclosure.

40. ClearSpring violated Chapter 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount or legal status of Plaintiff's debt by omitting a portion of the mandatory time-barred debt disclosure.

41. ClearSpring violated Chapter 15 §1692e(10), which prohibits the use of a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff, by omitting a portion of the mandatory time-barred debt disclosures.

42. ClearSpring is liable to Plaintiff and the class of persons she represents for judgment that the conduct of ClearSpring violated Section 1692e *et seq.*, of the FDCPA, as well as actual damages, statutory damages, costs and attorney fees.

43. Defendant Diverse is vicariously liable for the FDCPA violations of ClearSpring.

## COUNT II

### INDIVIDUAL AND CLASS CLAIMS FOR VIOLATION OF THE *WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT* (WVCCPA)

44. The attempt by ClearSpring to collect a time-barred debt from Plaintiff on or after June 6, 2014, without the complete disclosures required by *West Virginia Code* §46A-2-128(f) was a *per se* unfair or unconscionable means to collect or attempt to collect a claim from Plaintiff and the class she represents, in violation of *West Virginia Code* §46A-2-128.

45. ClearSpring's attempt to collect time-barred debt without the complete disclosures required by *West Virginia Code* §46A-2-128(f) is a prohibited false representation or implication of the character, extent or amount of the claim against Plaintiff and the class she represents, or the status of such claim in a legal proceeding in violation of *West Virginia Code* §46A-2-127(d) and *West Virginia Code* §127, generally.

46. Each such act is a violation of *West Virginia Code* §46A-2-125 as unreasonably oppressive or abusive attempts to collect debt, as well as a violation of *West Virginia Code* §46A-2-124(f) as a threat to take action prohibited by the WVCCPA or other law regulating ClearSpring's conduct.

47. All of ClearSpring's acts complained of herein were "willful" within the meaning of *West Virginia Code* §46A-5-103(4) and criminal within the meaning of *West Virginia Code* §46A-5-105.

48. By reason thereof, ClearSpring is liable to Plaintiff and the class of persons she represents for judgment that the conduct of ClearSpring violated the WVCCPA, §46A-1-101 *et seq.*, as well as actual damages, statutory damages, costs and attorney fees.

49. Defendant Diverse is vicariously liable for the conduct of its debt collector ClearSpring.

### DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff and each member of the class she represents demand from the Defendants the following relief:

A.  That the Court enjoin ClearSpring from attempting to collect time-barred debt in the State of West Virginia without complying with *West Virginia Code* §46A-2-128(f);

B.  That actual damages and the statutory penalty, adjusted for inflation, pursuant to *West Virginia Code* §§46A-2-101(1) and 106 be awarded to Plaintiff and each member of the class she represents for each violation of the WVCCPA;

C.  That actual damages and the statutory penalty pursuant to 15 U.S.C. §1692k(a)(2)(A) be awarded to Plaintiff and each member of the class they represent for violation of the FDCPA;

D.  That Defendants be ordered to account for all time-barred debt collected from the class and reimburse each such member of the class all monies collected with interest thereon for the four-year period preceding the filing of this action; and

E.  That Defendants be ordered to pay reasonable attorney fees and costs pursuant to the provisions of *West Virginia Code* §46A-5-104; and 15 U.S.C. §1692k(a)(3),

D.  For such other and further relief as the Court may deem appropriate.

**DIANA STANLEY, on behalf of herself and all others similarly situated**

BY COUNSEL

HAMILTON, BURGESS, YOUNG
    & POLLARD, *pllc*

BY:   /s/ Ralph C. Young
       Ralph C. Young *(W. Va. Bar #4176)*
         ryoung@hamiltonburgess.com
       Christopher B. Frost *(W. Va. Bar #9411)*
         cfrost@hamiltonburgess.com
       Steven R. Broadwater, Jr. (*W. Va. Bar #11355*)
         sbroadwater@hamiltonburgess.com
       *Counsel for Plaintiff*
       P. O. Box 959
       Fayetteville, WV 25840
       304-574-2727